## Ex Parte, LOCKHART, in re MITCHELL.

[PETITION FOR CERTIORARI TO REVISE PROCEEDINGS UNDER HABEAS CORPUS.]

1. *Exemption of mail-contractors from military service.*—Under the provisions of the act of congress approved April 14, 1863, (which was expressly excepted from the operation of the repealing clause contained in the act approved February 17, 1864,) a sole contractor for carrying the Confederate States mail, on a route of more than ten miles in length, is exempted from military service in the armies of the Confederate States, although his contract was made after the passage of that act.

In the matter of the petition of Edmund R. Mitchell for the writ of *habeas corpus*, by which he sought to obtain his discharge from the custody of Col. H. C. Lockhart, commandant of conscripts for the State of Alabama, who held and detained him as a conscript. The petition was presented to the probate judge of Montgomery county, who, on the hearing under the writ, discharged the petitioner. A bill of exceptions was reserved to the ruling and decision of the probate judge; and application is now made to this court for the writ of *certiorari*, or other remedial process, to revise his decision.

B. F. Porter, for the Confederate States.
Goldthwaite, Rice & Semple, *contra*.

STONE, J.—Edmund Mitchell, the petitioner for *habeas corpus* in the court below, after he was enrolled as a conscript, placed in a camp of instruction, and assigned to a company and to duty, became sole contractor for carrying the Confederate mail on a route of more than ten miles in length. The act of congress, approved April 14, 1863, declares, "that the contractors for carrying the mails of the Confederate States, shall be exempt from the performance of military duty in the armies of the Confederate States, from and after the passage of this act, during the time they

are such contractors."—Acts of 1st congress, 3d ses., p. 107. It is contended, that Mr. Mitchell cannot claim the benefit of this exemption, because he became a contractor after the enactment of the statute, and after his enrollment as a conscript, and assignment to duty. We do not think this objection sound. In the very section of the act of congress which grants the exemption to mail-contractors, copied above, is found the following proviso: "That no person to whom a contract for carrying the mails may be transferred, with the consent of the post-office department, after the passage of this act, shall be exempt from military service on that account." Under a well-known rule of construction, the plain inference from this proviso is, that persons who became mail-contractors after the enactment of the statutory exemption, are embraced in its provisions, unless their contract for carrying the mails was transferred to them *after the passage of the act. Inclusio unius est exclusio alterius.* There is nothing in the record before us, which tends to show that Mr. Mitchell acquired his contract by transfer from another. If such had been the fact, doubtless so important a statement would not have been omitted. But we are not authorized to presume the existence of any fact, not shown by the record, as a ground of error in the rulings of the primary court. It is the duty of a party who complains of error, to show its existence affirmatively. In any view we can take of this case, we find no error in the rulings of the probate judge.

It may not be out of place to remark, that the act of April 14, 1863, from which we have quoted above, was, in express terms, saved from the operation of the repealing clause found in the 10th section of the act "to organize forces to serve during the war", approved February 17, 1864, by the sixth subdivision of that section.—See acts of first congress, 4th session, p. 215.

*Certiorari* refused.